IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| JOSE GREGORIO GUTIERREZ, § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | | CIVIL ACTION NO. B-05-024 |
| § | | |
| FORD MOTOR COMPANY, § | | |
| Defendant. § | | |

**MEMORANDUM OPINION AND ORDER**

This case involves a single vehicle accident that occurred in Venezuela in 2002. The vehicle in question was a 1998 Ford Explorer that Plaintiff claims suffered a sudden loss of control and rollover. As a result, Plaintiff sustained bodily injuries.

Plaintiff originally filed this products liability lawsuit in the 404th Judicial District Court of Cameron County, Texas, on December 23, 2004. Defendant filed a timely notice of removal on February 1, 2005. *Docket No. 1*. Pending before the Court is Defendant's Motion to Transfer Venue and, Subject Thereto, Motion to Dismiss Under the Doctrine of Forum Non Conveniens. *Docket Nos. 1, 10*. Both motions were originally filed in state court. Although Plaintiff filed a Response to Defendant's Motion to Dismiss [Docket No. 12], he did not respond to Defendant's Motion to Transfer Venue.

This Court addressed almost identical forum non conveniens issues in *Morales v. Ford Motor Co.*, 313 F.Supp.2d 672 (S.D. Tex. 2004), and *Lizardo v. Ford Motor Co.*, No. 1:04CV187, 2005 WL 1164200 (S.D. Tex. May 10, 2005). In fact, Plaintiffs' attorneys are from the same law firm as the one involved in both *Morales* and *Lizardo*, and they make the same arguments that were rejected by this Court in those opinions. Plaintiffs fail to bring to the Court's attention any new factual or legal arguments or information that would affect this

Court's analysis of any of the *forum non conveniens* factors.

Therefore, based on binding Fifth Circuit authority and on this Court's forum non conveniens analysis discussed in opinions involving substantially similar facts, Defendant's Motion to Dismiss Under the Doctrine of Forum Non Conveniens is hereby **GRANTED** under the following conditions:

1. Defendant shall submit to the jurisdiction of the appropriate Venezuelan court in which Plaintiff has filed suit;

2. Defendant shall waive any statute of limitations or jurisdictional defenses that could be posed in the Venezuelan court;

3. Defendant shall make available in Venezuela all relevant documents and witnesses within their control;

4. Defendant shall bear any translation-related expenses concerning the testimony of its English-speaking witnesses at trial;

5. Defendant agrees to satisfy any Venezuelan judgment, subject only to whatever appellate rights it may enjoy in that forum; and

6. Defendant shall agree to the reassertion of jurisdiction by this Court in the event that it fails to satisfy any final judgment or in the event that the Venezuelan courts decline to assert jurisdiction over this matter.

Should Defendant fail to meet any of these conditions, the Court will re-assume jurisdiction over this case. In keeping with the conditional nature of this order of dismissal, dismissal of the case from the Court's docket shall become effective once Defendant has tendered a written statement assenting to be bound by the foregoing conditions. Should Defendant fail to do so within ten

(10) business days of the entry of this order, the forum non conveniens motion will be considered waived and this case will proceed to trial in this Court. It is further **ORDERED** that all other pending motions, including the Motion to Transfer Venue, are hereby **DENIED as moot**.

Signed in Brownsville, Texas, this 10th day of February, 2006.

Andrew S. Hanen<br>
United States District Judge